# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEANNETTE PLATT, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:10-CV-874 CAS |
| PPG INDUSTRIES, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiffs Jeannette Platt, Lukas Platt, Zachary Platt, Loretta Platt, Frances Platt, John Platt, and Edward Platt's ("plaintiffs") motion to remand. Defendants E.I. Du Pont De Nemours and Company, BASF Corporation, PPG Industries, Inc., and the Sherwin-Williams Company oppose the motion. For the following reasons, the Court concludes that the case was not properly removed on the basis of diversity, and the Court will remand the case to state court for further proceedings.

## Background.

This toxic tort case was originally filed by plaintiffs in the Circuit Court of the County of St. Louis, Missouri on March 30, 2010. This action arises out of decedent Lawrence Platt's alleged exposure to certain automotive refinish products—including paints, solvents, and thinners—allegedly manufactured by BASF Corporation ("BASF"), PPG Industries, Inc. ("PPG"), E.I. DuPont De Nemours and Company ("DuPont"), and The Sherwin-Williams Company ("Sherwin-Williams") (collectively, "manufacturing defendants"). Defendants Link Motor Supply Company, Inc. ("Link Motor Supply") and D&A Distributing, Inc. ("D&A Distributing") (collectively, "distributor defendants") sold or distributed these automotive refinish products. The

manufacturing defendants are not citizens of Missouri; the distributor defendants are citizens of Missouri.[1]  Plaintiffs allege the automotive refinish products were used by decedent while employed in the auto body repair and painting field.  Plaintiffs allege exposure to benzene in these commercial products caused decedent to develop acute myelogenous leukemia, which caused his death.

On May 12, 2010, defendants BASF and PPG removed the action to this Court pursuant to 28 U.S.C. § 1332(a).  In support of the Notice of Removal, the removing defendants state diversity jurisdiction exists between all properly joined parties, and the amount in controversy exceeds $75,000.  The removing defendants state the Missouri citizenship of Link Motor Supply and D&A Distributing must be disregarded because both have been fraudulently joined.  Specifically, defendants allege that, in light of plaintiffs' allegations, the only potential basis of liability against the distributor defendants is their status as sellers in the stream of commerce.  Defendants state the Missouri innocent seller statute precludes liability against a "defendant whose liability is based solely on his status as a seller in the stream of commerce" when, as here, the product manufacturer is properly before the court.  Mo. Rev. Stat. § 537.762(1)-(2).

**Legal Standard.**

Title 28 U.S.C. § 1441(b) allows defendants to remove a civil action from a state court to a federal court on the basis of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed.  In short, a Court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state.  28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992); Carroll v. Gold

---

[1]Plaintiffs' petition alleges only that defendants Link Motor Supply and D&A Distributing are Missouri corporations doing business in the State of Missouri.  Defendants have not disputed, however, that the distributor defendants are citizens of Missouri.

Medal of Tenn., Inc., 869 F. Supp. 745, 746 (E.D. Mo. 1994). According to the Eighth Circuit, this requirement is jurisdictional, and if statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. Hurt, 963 F.2d at 1145.

Removal will not be defeated by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 n.6 (8th Cir. 1977). "However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003).[2] "[I]f the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Iowa Pub. Serv. Co., 556 F.2d at 404 (citations omitted).

"[A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting Filla, 336 F.3d at 810; internal quotation marks omitted). Thus, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the

---

[2]The term "colorable" is used to describe a cause of action that is reasonable but speculative. Filla, 336 F.3d at 810, n.10.

state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811.[3] "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 122 (3rd Cir. 1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

The issue in this case is whether there is a reasonable basis in state law to support a claim against the distributor defendants under the facts alleged. See Menz, 440 F.3d at 1004. If it is clear under Missouri law that the petition does not state a cause of action against the distributor defendants, then their joinder is fraudulent and federal jurisdiction of the case should be retained. See Iowa Pub. Serv., 556 F.2d at 406. On the other hand, if there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved," Filla, 336 F.3d at 811, then joinder is not fraudulent and diversity jurisdiction does not exist.

**Missouri's Innocent Seller Statute.**

In opposition to remand, defendants argue that the resident defendants' liability to plaintiffs is based solely on their status as sellers in the stream of commerce, and dismissal of the resident

---

[3]In Simpson v. Thomure Co., 484 F.3d 1081, 1084 (8th Cir. 2007), the Eighth Circuit expressed some concern with the discussion of fraudulent joinder in Filla v. Norfolk S. Ry. Co., 336 F.3d 806 (8th Cir. 2003). See Simpson, 484 F.3d at 1084, n.2. While the discussion of fraudulent joinder in Filla is dicta, it is nonetheless considered dicta that this Court may look to for guidance. Further, the Filla standard has been cited with approval and applied by the Eighth Circuit in other fraudulent joinder cases. See, e.g., Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007); Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006). The Eighth Circuit's discussions of the fraudulent joinder standard in Wilkinson and Menz are not dicta.

defendants is proper under Missouri's innocent seller statute. Missouri's innocent seller statute provides that in products liability actions, a defendant whose liability is based solely on its status as a seller in the stream of commerce may be dismissed from an action if the manufacturer of the product is properly before the court and is financially able to fully compensate the plaintiff. Mo. Rev. Stat. § 537.762. The statute has been held to shift liability from a downstream seller to the manufacturer. See Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 445 (Mo. 2002).

Defendants attempt to use the Missouri innocent seller statute as a basis to remove this state court proceeding to federal court. Many federal cases analyzing Missouri's innocent seller statute have found that the statute is procedural and, therefore, does not apply in federal court proceedings. See, e.g., Drake v. North Am. Phillips Corp., 204 F. Supp. 2d 1204 (E.D. Mo. 2002); Pender v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999). Defendants argue, however, that the Missouri Supreme Court decision in Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432 (Mo. 2002), characterized the statute as both substantive and procedural. Id. at 446 ("It is clear that our legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762."). Relying on Gramex, more recent federal court decisions have applied the substantive provisions of the statute and have concluded that plaintiffs have no reasonable basis for recovery against local retailer defendants whose liability is based solely on their status as sellers in the stream of commerce. See Wichmann v. The Proctor & Gamble Manuf. Co., 2006 WL 3626904 (E.D. Mo. Dec. 11, 2006); Thomas v. Brown & Williamson Tobacco Corp., 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006); Spears v. Bayer Corp., 2004 U.S. Dist. LEXIS 29732 (W.D. Mo. Mar. 29, 2004); but see Fahy v. Taser Int'l, Inc., 2010 WL 559249

(E.D. Mo. Feb. 10, 2010). These decisions allow the innocent seller statute to serve as a basis for removal jurisdiction.

In the petition, plaintiffs allege three causes of action against all defendants, including the distributor defendants: (1) negligent failure to warn (Count II); (2) strict liability/defective product (Count III); and (3) strict liability/warning (Count IV). (Pet., ¶¶ 21-38). To support their claim for negligent failure to warn, plaintiffs allege defendants were negligent in that they failed to use reasonable care, failed to adequately warn of the presence of benzene in the products, and failed to adequately warn of the harm associated with exposure to benzene. (Pet., ¶¶ 22-26).

Under Missouri law, a plaintiff may choose to bring a failure to warn case under a negligence theory or as an action for strict liability. See Sapp v. Morrison Bros. Co., 295 S.W.3d 470, 484 (Mo. Ct. App. 2009). "The defendant's standard of care, knowledge and fault are relevant considerations in a negligence claim, but under strict tort liability, the defendant may be found liable without regard to his knowledge or conduct." Id. (quoting Thompson v. Brown & Williamson Tobacco Corp., 207 S.W.3d 76, 107 (Mo. Ct. App. 2006)). A seller or distributor of a product may be held liable for negligent failure to warn if the seller or distributor (1) knows or has reason to know that the product is or is likely to be dangerous for its intended use; (2) has no reason to believe the buyer will realize its dangerous condition; and (3) fails to exercise reasonable care to inform them of its dangerous condition. Id.; see also Spuhl v. Shiley, Inc., 795 S.W.2d 573, 577-78 (Mo. Ct. App. 1990).

The Court concludes that Missouri law might reasonably impose liability on the distributor defendants based upon the facts involved. Under Missouri law, the innocent seller statute only protects a seller or distributor whose liability is based solely on its status as a "seller in the stream of commerce." Here, plaintiffs argue and the Court agrees, that the statute is inapplicable to

plaintiffs' negligence claim because the petition alleges active grounds for liability against the distributors rather than the distributors' passive status as sellers in the stream of commerce. The petition alleges, inter alia, that all defendants were negligent because they manufactured or sold the benzene-containing products, they failed to adequately warn of the presence of benzene in the products, and failed to adequately warn of the harm associated with exposure to benzene. (Pet. at ¶¶ 22-24). In fact, Link Motor Supply has filed a motion to dismiss based on the Missouri innocent seller statute, and has moved to dismiss only Counts III and IV, the strict liability counts. Link Motor Supply has not moved to dismiss Count II for negligent failure to warn pursuant to the Missouri innocent seller statute. Additionally, as plaintiffs point out, defendants BASF and PPG assert an affirmative defense that implicates the distributor defendants for negligent failure to warn: "If a duty to warn is found to have existed, then Answering Defendants assert that they provided all required warnings . . . and if [decedent] did not receive these warnings it was because the products were supplied in bulk and/or the . . . entities to whom Answering Defendants sold their products . . . did not, through its acts or omissions, pass the warnings along to [decedent] . . . ." (Defs. BASF and PPG Answer, ¶ 24; see also Def. Sherwin-Williams Answer, ¶ 56).

The Court concludes that plaintiffs' allegations state a colorable cause of action in negligence against the distributor defendants, and provide a reasonable basis to predict that a Missouri court might impose liability on the distributor defendants based on the facts alleged. The Court therefore lacks subject matter jurisdiction over this action and will remand it to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

An order of remand will accompany this memorandum and order

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of September, 2010.